## Commonwealth v. Orwan

424

*Harold F. Kerchner*, District Attorney, for Commonwealth.

*J. Howard Neely*, for defendant.

CRYTZER, P. J., July 4, 1959. — On November 14, 1958, defendant was arrested upon a charge of having, on or about October 10, 1958, sold liquor to a minor and with selling liquor without a license and with having, on or about October 10 and October 26, 1958, sold malt or brewed beverages to minors and having sold malt or brewed beverages without a license. In the indictment defendant was charged as a second offender. The indictments aver that defendant had been convicted in the Court of Quarter Sessions of Juniata County, Pa.,

entered to no. 21, April sessions 1930, of unlawful sale of intoxicating liquor and unlawful possession of intoxicating liquor. Defendant then moved to quash the indictments.

### Discussion

Defendant's counsel has moved to quash the indictments and in support of this motion has assigned 15 reasons.

Several of these reasons may be grouped under the general titles of autrefois convict, penalty paid and legislative pardon. It is true that defendant has been convicted, sentenced and has paid his penalty for his prior offense and is thereby entitled to the legislative pardon as set forth in section 181 of The Penal Code of March 31, 1860, P. L. 382, which was in effect at the time of his prior conviction. However, the aforesaid section specifically provides "That nothing herein contained, nor the enduring of such punishment, shall prevent or mitigate any punishment which the offender might otherwise be lawfully sentenced on a subsequent conviction for any other felony or misdemeanor. . . ."

The Liquor Code of April 12, 1951, P. L. 90, sec. 493, 47 PS §4-493, contains 25 prohibitions as unlawful acts. Section 494 prescribes the penalties mandated for offenders, making the penalties greater "for any subsequent offense." It is revealing that the Liquor Code uses the wording "subsequent offense" and The Penal Code of 1860 the wording "subsequent conviction." If convicted, defendant will not be punished again for his conviction of 1930 but for his current "subsequent" offense.

A second group of reasons set forth that the indictments do not comply with the Pennsylvania Habitual Criminals Acts. (See The Penal Code of June 24, 1939, P. L. 872, sec. 1108, 18 PS §5108.) It is argued that

the most vicious and violent of felonies must be committed within five years to impose additional punishment while this defendant's prior offense, for which he was convicted, occurred 29 years ago. While counsel's logic appeals to the court, it is the legislature and the Governor who create our statutes. They have not chosen to put any time limitation on the "subsequent offense" of the Liquor Code. This defendant is indicted for violations of the Liquor Code which sets forth specifically the penalties for repeated convictions. These provisions apply herein and not those of the Criminal Code dealing with subsequent offenders.

A third series of objections to the indictments deal with procedure at the trial. They are well taken and will be followed in accordance with the quotation from the Pennsylvania Superior Court decision hereinafter set forth. These objections are premature and are not a basis for quashing the indictment.

The final class of reasons for quashing the indictments are set forth as "due process" under the State and Federal Constitution, and article I, sec. 13, of the Pennsylvania Constitution which prohibits excessive fines or cruel punishments. Since the "due process" objections were based on the other reasons advanced and disposed of *supra* and punishment of fines and imprisonment are specifically set forth in the Pennsylvania Liquor Code, which code has been held constitutional by both the Federal (Gerber v. Schofield, 43 F. 2d 222) and the Pennsylvania (Cavanaugh v. Gelder, 364 Pa. 361, 72 A. 2d 85, affirmed 340 U. S. 822, 71 S. Ct. 55) courts, we cannot quash the indictment on these grounds.

However, the court was bothered by this wording of section 494 of the Liquor Code: "(a) Any person who shall violate any of the provisions of *this article* . . . and for any *subsequent* offense. . . ." (Italics

supplied.) "This article" did not become law until 1951. How could there be a "subsequent offense" of the provisions of "this article" when the only other conviction was in 1930, some 21 years before this article and this statute were passed? Our Superior Court in Commonwealth v. Gross, 125 Pa. Superior Ct. 373, 189 Atl. 726, set the precedent thus: The amendatory act of 1935 was held to continue the provisions of the Liquor Control Act of 1933, so that a person convicted under prior law could be convicted under amendatory law as a second offender. The court takes judicial notice of the records of its own court that defendant was convicted and sentenced to no. 21, April sessions 1930, for unlawful sale of intoxicationg liquor and unlawful possession of intoxicating liquor and that the pertinent provisions of the present Liquor Code are amendatory laws of the pertinent sections of the Liquor Control Act in effect at the time defendant violated them.

While several appellate court cases and a number of lower court opinions deal with various phases of this question, no case has been found by this writer where the only prior conviction was nearly 30 years ago and occurred during the so-called "bootleg" era. We base our decision on the statute itself as so recently and so ably interpreted by the Superior Court in Commonwealth v. Koczwara, 188 Pa. Superior Ct. 153, 146 A. 2d 306. The court approved the original indictment alleging a subsequent offense but imposed certain restrictions on its use in a trial. These restrictions were quoted from the opinion of the late Judge Hargest in Commonwealth v. Scott, 54 D. & C. 243, 252, and are as follows:

"1. That the indictment must contain an averment of such conviction and sentence.

"2. That where there is no averment of a former

conviction in the information, the grand jury may, of its own motion, make such presentment in the indictment.

"3. That on the trial of the substantive offense, the Commonwealth may not submit evidence of the former conviction, unless the former conviction may be put in evidence to affect his credibility or the defendant has put his character or reputation in evidence, and that the original indictment, with the averment of former conviction, should not be sent out to the jury; but that an exact copy, with the exception of such averment, may be.

"4. That after conviction on the substantive averment, the district attorney should present, in writing, a suggestion to show cause why the enlarged sentence should not be imposed, to which the defendant may answer."

We would add thereto that should the jury find defendant guilty of one or more of the offenses set forth in the copy of the original indictments with the averment of prior conviction deleted, the jury should not be discharged until defendant answers the rule to show cause. Should he deny his identity as the person formerly convicted, the question of his identity would then become a jury question. In either event of admission or denial of identity, this court will then require proof be submitted to the jury of the prior conviction of an offense incorporated in substance by section 493 of the Pennsylvania Liquor Code.

In brief, the indictment must allege a prior conviction so that defendant will have notice of the exact charge and the possible punishment he may receive, a constitutional requirement, but no indictment containing such allegation may be placed before nor go out with the petit jury. In accordance with the above opinion, the court makes the following

*Order*

And now, July 4, 1959, defendant's motion to quash the within indictments is dismissed, and it is directed that the trial on the said indictments shall follow the procedure above set forth.  Exception granted.